H. Gary Brown
1003 W. Michigan Drive
Hammond, LA 70401
hgarybrown@gmail.com
Phone: (504) 756-1987
Fax: (985) 238-3818

# UNITED STATES DISTRICT COURT

## for the

# EASTERN DISTRICT OF TENNESSEE

Case No. 1:24-mc-7   *McDonough/Lee*

### HOWARD BROWN

-- Plaintiff --

FILED

JAN 18 2024

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

-V.-

CITY OF CHATTANOOGA, a political subdivision of the State of Tennessee, KARLI THOMAS in both her individual capacity and her official capacity as an officer of the CHATTANOOGA POLICE DEPARTMENT, SHERIFF AUSTIN GARRETT in his individual and official capacity as HAMILITON COUNTY SHERIFF

--Defendants.--

## COMPLAINT AND JURY DEMAND ON ALL COUNTS APPLICABLE

# TABLE OF CONTENTS

COMPLAINT AND JURY DEMAND ON ALL COUNTS APPLICABLE............................ 1

SUMMARY ..................................................................................................... 3

JUDICIAL NOTICE ......................................................................................... 3

INTRODUCTION.............................................................................................. 4

JURISDICTION ............................................................................................... 4

PARTIES ........................................................................................................ 5

FACTS ........................................................................................................... 5

Unlawful Seizure under the Fourth Amendment – Color of State Law ................................. 12

*FEDERAL QUESTION #1*.............................................................................. *16*

*FEDERAL QUESTION #2*.............................................................................. *16*

Deprivation of Rights Under Color of Law ............................................................ 17

TRESPASS ..................................................................................................... 18

Intentional Infliction of Emotional Distress ........................................................... 19

MALICIOUS PROSECUTION............................................................................. 20

Request for Relief............................................................................................ 22

Case 1:24-cv-00042-TRM-SKL   Document 1   Filed 01/18/24   Page 2 of 29   PageID #: 2

# SUMMARY

On <u>September 15, 2023,</u> Plaintiff spent the afternoon sampling food and fare of
what Downtown Chattanooga had to offer. After numerous stops in and around
stores, parks, restaurants, pubs, and the like: Plaintiff Brown inquired as to where
he might obtain late night good food in the area. Several local residents that Brown
spoke with throughout the day had recommended the Pickle Barrel as good place to
check out. The Pickle Barrel is known around town by the service industry as being
a late-night spot for food and beverage. Around about 9:30pm, Plaintiff attempted to
enter said, Pickle Barrel, and was denied entry on the basis of being 'inebriated.'
The rejection shocked the Plaintiff and a brief back and forth was had with the
'bouncer' that resorted to calling the police fairly early in our conversation. Plaintiff
removed himself from the premises where Officer Thomas tracked him down and
ultimately arrested his liberty for 'public intoxication.' All charges have been
subsequently dropped and expunged.

# JUDICIAL NOTICE

Allegations made in a pro se complaint are held "to a less stringent standard than
formal pleadings drafted by lawyers." ***Haines v. Kerner, 404 U.S. 519, 520 (1972).***
To hold a pro se plaintiff to strict compliance "would be inequitable" as courts would
punish a pro se plaintiff "for lacking the linguistic and analytical skills of a trained
lawyer." ***Perez v. United States, 312 F.3d 191, 194–95 (5th Cir. 2002).*** To avoid

3

such a result, "courts have adopted the rule that a pro se plaintiff's pleadings are liberally construed." Id. Even though pleadings by a pro se litigant are held to a less stringent standard, courts must be able to draw the reasonable inference from the pleadings that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)))*.

# INTRODUCTION

1.    This action arises out of the Defendants' conspiracy to deprive inherent, sacred and inviolable rights in the absence of due process under the color of state law. These rights include, but are not limited to, exclusive enjoyment, use, and disposal of property exclusive to the Plaintiff. This inherent and sacred right incorporates property both personal and tangible as well as personal autonomy.

2.    The causes of action brought are **(1)** Unlawful Seizure under the Fourth Amendment – Color of State Law **(2)** Deprivation of Rights under Color of Law **(3)** Trespass **(4)** Intentional Infliction of Emotional Distress and **(5)** Malicious Prosecution

# JURISDICTION

3.    Pursuant to **28 U.S.C. § 1331**, this Court has subject matter jurisdiction over Plaintiff's claims.

4

4. Pursuant to **28 U.S.C. § 1391(b),** venue is proper in Eastern District of Tennessee because all claims arise out of this district.

5. Pursuant to **42 U.S.C. § 1983** (civil action for deprivation of rights), this Court has subject matter jurisdiction.

6. Pursuant to **18 U.S.C. §§ 241 and 242**, this Court has subject matter jurisdiction.

# PARTIES

7. At all times material to this lawsuit, Plaintiff was a U.S. Citizen residing in Louisiana.

8. At all times material to this lawsuit the CITY OF CHATTANOOGA, was a municipal corporation of the <u>STATE OF TENNESSEE</u> and has its principal place of business in HAMILTON COUNTY TENNESSEE.

9. At all times material to this lawsuit KARLI THOMAS was duly employed and acting as a Police Officer for the CITY OF CHATTANOOGA, TENNESSEE and resides in TENNESSEE.

10. At all times material to this lawsuit SHERIFF AUSTIN GARRETT was the duly elected Sheriff of HAMILTON COUNTY TENNESSEE.

11. All acts necessary or precedent to bringing of this lawsuit occurred or accrued in HAMILTON COUNTY, TENNESSEE.

# FACTS

12.     In Downtown Chattanooga Tennessee on <u>September 15, 2023</u>, around about 9:30pm, Plaintiff entered a line which contained three **(3)** younger girls in an attempt to eat at the "Pickle Barrel," because Plaintiff was told it was open late with good food and a gathering place for service industry members that want late night food and drink.

13.     Before the 'bouncer' even finished reviewing the ID's of the three **(3)** women in front of the Plaintiff, he told Plaintiff that he would not be allowed to enter the premises.

14.     When pressed for a reason, the 'bouncer' told Plaintiff that he was too intoxicated.

15.     Plaintiff tried to appeal to the 'bouncer' that Plaintiff's sole purpose for being there was to get some food.

16.     The 'bouncer' refused to listen to the Plaintiff and the bouncer announced that he was calling the police.

17.     Plaintiff said that would be fine and removed himself from the premises to across the street where the Plaintiff called the police in response to being denied entry into a place of public accommodation.

18.     Upon the arrival of Officer Karli Thomas Badge # 1162, she eventually crossed the street to have a conversation with the Plaintiff.

19.     After a brief conversation, which Officer Thomas claims was at an elevated volume, Plaintiff realized that he was not going to be assisted by Officer Thomas with entry into the restaurant for much needed sustenance.

6

20.    Plaintiff said, 'ok,' and began to walk away.

21.    Officer Thomas assaulted Plaintiff by grabbing his left wrist and stated, "you are not free to go!"

22.    Plaintiff was initially shocked at the prospect that he was not free to go and may have taken a moment or two before stating, "I am not resisting," while moving his hands behind him to be cuffed by Officer Thomas and his liberty restricted.

23.    Officer Thomas shoved the Plaintiff into the back of her cruiser and drove Plaintiff to the Hamilton County Detention Center known as Silverdale.

24.    Plaintiff's view as Officer Thomas drove away was the front window of the Pickle Barrell full of people pointing, laughing, and scoffing at the Plaintiff's plight.

25.    No breathalyzer test was administered, nor was any field sobriety test given to the Plaintiff to verify his intoxication levels.

26.    Plaintiff was supposedly 'charged' with public intoxication, but no ticket or paperwork of any kind was issued to the Plaintiff, just the arrest of his liberty.

27.    Plaintiff, knowing that he committed no crime, (i.e. harm to person or property) was repeatedly asked identifying questions and refused to answer.

28.    Plaintiff refused fingerprints and mug shots as these things are not warranted when no crime has been committed as evidenced by the expungement of all charges and arrest.

29.    Plaintiff was very vocal in warning the arresting officer and those officers running the jail that his constitutional rights were being violated and that this very complaint would be forthcoming to hold them all accountable in federal court.

7

30.     Plaintiff was thrown in a holding cell with about ten **(10)** others for a short while before being moved to the back cell.

31.     The detention center was extremely cold and it took a while for the officers to provide Plaintiff a blanket that every other inmate already had.

32.     Plaintiff was informed that the blankets had just arrived and were passed out on September 14, 2023.

33.     Once arriving in the back cell, Plaintiff only had the cold cement floor which hadn't been thoroughly swept in quite some time as evidenced by the thick layer of dirt and debris stacked up all along the baseboards of the cell.

34.     Plaintiff was awakened several times during the night to ask for private information, such as his social security number, in front of the 23 other inmates now in the cell.

35.     Plaintiff was brought to the front of the jail, sometime before 'breakfast' at 4:00am and when he approached the fingerprint machine asked the jailing officers, "What's the charge?"

36.     Officers responded that they were merely trying to ascertain Plaintiff's identity to which Plaintiff responded, "You confiscated my wallet that contains my license, what more do you need?"

37.     Plaintiff was whisked back to the back holding cell.

38.     Plaintiff was eventually given a plastic mat to sleep on, and the cell was wall-to-wall with inmates on plastic mats.

8

39.    The inmates and plastic mats were packed in so tight that there was no clear path to the toilet, water, or exit door in case of fire.

40.    We, me and the other twenty-three (23)+ inmates, were collectively fed 'breakfast' at 4:00am which consisted of some sliced potatoes and thin runny tasteless oatmeal; the cheapest possible sustenance that could be referred to as a 'meal.'

41.    Twelve **(12)** hours came and went, which according to the magistrate is the standard time to keep someone the cops say is 'intoxicated' without a charge.

42.    After making it clear that Plaintiff would not be leaving without being fingerprinted, mug shot taken, and booked the Plaintiff agreed, under duress, to these procedures.

43.    Around 10:30am Plaintiff was taken out of his cell, fingerprinted, and mug shot taken.

44.    Around 1:45pm September 16, 2023, Plaintiff was officially booked and it was first made known that a possession charge had been added to the Plaintiff's charges.

45.    The report read that Plaintiff had 33 grams of THC in his possession.

46.    Plaintiff had purchased 3.5 grams of THC-A (legal in Chattanooga) from the 'Evolve Smoke Shop' located at 328 E MLK Blvd in downtown Chattanooga, Tennessee a duly licensed and legal storefront.

47.    Plaintiff was in Chattanooga to sample food and fare, and found the salesman at evolve smoke shop convincing enough to purchase a sample of the THC-A.

9

48.     When Plaintiff asked about the possession charge over a legally purchased item, several of the jailing officers said that "sometimes you get charged even if it is legal."

49.     Around 2:10pm on <u>September 16, 2023</u>, Plaintiff was brought to speak with the magistrate who, after a frank discussion, dropped all charges and set Plaintiff for release on his own recognizance.

50.     Magistrate glanced at the clock and stated, "If you get out here by 6pm, then you can drop off a copy of that purchase receipt."

51.     Plaintiff was sent back to the holding cell.

52.     Again, the floor was covered with plastic mats except for a small spot in front of the door where Plaintiff was sitting expecting to be released.

53.     One inmate came and stood in the small space between the door and Plaintiff and began 'tripping' on some sort of narcotic.

54.     He danced around aggressively, pounded on the wall above Plaintiff's head and then began karate chopping just over Plaintiff's head.

55.     Plaintiff felt endangered and walked to the other side of the cell.

56.     This inmate had his pants around his knees and he had dropped a large black balloon, which Plaintiff can only assume were the drugs he was now 'tripping' on.

57.     One of the other inmates stated that it was fentanyl.

58.     Once again, through false imprisonment under false charges the Plaintiff's well-being was placed at risk by the poorly trained CHATTANOOGA POLICE

10

Case 1:24-cv-00042-TRM-SKL   Document 1   Filed 01/18/24   Page 10 of 29   PageID #: 10

OFFICERS and the employees of the HAMILTON COUNTY SHERIFF'S OFFICE DENTENTION CENTER.

59. 6:00pm came and went and no release was in sight.

60. Around 7:00pm a younger blonde female guard came to retrieve Plaintiff for processing his exit.

61. After a brief time in the front of the jail, Plaintiff was placed back in the holding cell.

62. Then around about 8:30pm Plaintiff was finally released from custody.

63. Plaintiff was given zero (0) paperwork regarding this entire process despite asking for and being told he would receive it.

64. Plaintiff was asked to sign an electronic pad.

65. Plaintiff asked to see what he was signing, but the guard refused and only made some retort like: Do you want to get out of here or not? Sign!

66. Under duress with his liberty at stake, Plaintiff signed the electronic pad.

67. Plaintiff asked the guard escorting him out if it really takes that long to book and process everyone's release or were they just playing psychological games; the guard retorted, "it's psychological games, so that you won't want to come back."

68. Plaintiff entered SILVERDALE DETENTION CENTER with one (1) pair of brown shoes, black socks, jeans, blue shirt, one (1) pair of earphones, one (1) cell phone, one (1) wallet with six (6) cards, $75.00 cash, one (1) hat, one (1) black plastic container with 3.5 grams of THC-A purchased from evolve smoke shop, and one (1) folded napkin.

11

69.     Plaintiff did not exit the jail with all of his listed possessions.

70.     The HAMILTON COUNTY SHERIFF'S OFFICE failed to return all of Plaintiff's property to him.

71.     Plaintiff is missing the black plastic box containing his lawfully purchased 3.5 grams of THC-A. (still in the original container)

72.     Plaintiff is missing $3.50 of his cash which was taken as a processing fee to place cash on a debit card. (**Exhibit A**)

73.     Plaintiff is also missing his folded napkin.

74.     Plaintiff called the CHATTANOOGA COUNTY COURT around 2:00pm on September 20, 2023, and verified that all charges were dropped.

75.     Plaintiff then called Hannah in the Clerk's office at (423) 209-7600 to have a copy of the report and adjoining paperwork forwarded to Plaintiff and to have the matter expunged, which Hannah happily complied with stating, "it can take up to sixty **(60)** days to have the matter expunged," and then proceeded to tell Plaintiff how to remove his mug shot from 3rd party websites and such.

## UNLAWFUL SEIZURE UNDER THE FOURTH AMENDMENT – COLOR OF STATE LAW

76.     The allegations of the foregoing paragraphs are re-alleged as if set out in full.

77.     At all times relevant herein, Plaintiff had a right under due process and the equal protection clauses of the state and federal constitutions not to be deprived of his constitutionally protected interest in liberty and property.

78.     At all relevant times herein, the Defendants were state actors, and their conduct was subject to **Title 42 U.S.C. § 1983**.

79.     In the absence of due process of law or a warrant, while acting under the color of state law Defendant Thomas abused the lawful exercise of power and denied Plaintiff's rights and privileges secured by the United States Constitution or by Federal law specifically guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

80.     As a result of Defendants customs, practices, and procedures in combination with their concerted, unlawful, and malicious conduct; Plaintiff was deprived of his rights to equal protection under the law, due process of law, of his inviolable right to personal autonomy, right to property, and the due course of justice was impeded, in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and **Title 42 U.S.C. § 1983**.

81.     Defendants' customs, practices, and procedures in combination with their negligence, malice, lack of training, and inability to exercise power lawfully towards the rights of the Plaintiff has cost time, money, stress, anguish, and worry to mind, body, and soul.

82.     The cornerstone of due process is the prevention of abusive governmental power. The Due Process Clause requires that state action, through one agency or another, shall be consistent with the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions. Defendants knew or

13

should have known their duty and obligations as reasonable men, and to know the consequences of breaching that duty.

83.     Defendant CITY OF CHATTANOOGA, by and through the CITY OF CHATTANOOGA Police Department and its various contracted Agents, Officers, and Police are responsible for establishing policy, procedure, and customs complained about herein.

84.     Defendant CITY OF CHATTANOOGA had an obligation and duty to Plaintiff to properly train and supervise said contracted Agents and Officers of the CITY OF CHATTANOOGA Police Department on both their limits of authority and on probable cause prior to arrest/detainment on how to lawfully exercise power, and the proper usage of due process procedures.

85.     The CITY OF CHATTANOOGA nor Officer KARLI THOMAS has any duty to keep the Plaintiff safe.

86.     These actions and omissions by the Defendant CITY OF CHATTANOOGA, through the CITY OF CHATTANOOGA Police Department, its various agencies, and policy making officials demonstrates a callous indifference to the rights of the Plaintiff and others similarly situated who are harmed by police conduct; and such consequence is reasonably foreseeable by the Defendant CITY OF CHATTANOOGA and its Police Department. Such failure to train, supervise, and later to investigate and discipline the agents involved reflects a deliberate, conscious, and malicious indifference by the Defendant CITY OF CHATTANOOGA to the rights of the Plaintiff.

14

87.   The actions of Defendants CITY OF CHATTANOOGA, OFFICER KARLI THOMAS, and the complicit SHERIFF AUSTIN GARRETT through his Silverdale Detention Center and agents thereof, who acted in concert – worked directly or indirectly in concert, to deprive inherent constitutionally protected rights of the Plaintiff, which has been emotionally traumatizing to mind, body, and soul giving rise to liability under **Title 42 U.S.C. § 1983.**

88.   The rule is well settled, however, that if the natural consequences of the wrongful act, done willfully or with gross negligence, is mental suffering to the Plaintiff, then that element may be considered in assessing the damages.

89.   The guarantee of due process of law is one of the most important to be found in the United States Constitution or any of the amendments thereto. It has been stated that no other phrase known to the American and English law comprehends so much that which is basically vital in the protection of human rights and the redress of human wrongs as the phrase "due process of law." The notion reflects and describes the concept of ordered liberty.

90.   Due process of law is the primary and indispensable foundation of individual freedoms. It is the basic and essential term in the social compact which defines the rights of the individual and delimits the power which the state may exercise. The fundamental guarantee of due process is absolute and not merely relative. By reason of this guarantee, everyone is entitled to the protection of those fundamental principles of liberty and justice which lie at the basis of all our civil and political institutions, and which are not infrequently designated as the "law of the land." A

state's obligations under the 14th Amendment are not simply generalized ones; rather, the state owes to each individual that process which, in the light of the values of a free society, can be characterized as due.

## FEDERAL QUESTION #1

91.    Are the Plaintiff's substantive property rights for the exclusive use, enjoyment, and to dispose of property subject to state codes, statutes, and municipality ordinances? Plaintiff contends, no.

## FEDERAL QUESTION #2

92. Can state codes, statutes, and municipality ordinances supersede the substantive rights of the Plaintiff to due process as guaranteed by the Constitution of the United States of America? Plaintiff contends, no.

## FEDERAL QUESTION #3

93. Does a State or municipality have the right to confiscate lawfully owned property and the liberty of an individual without a sworn and verified statement or without witnessing an actual crime? (i.e. harm caused to an individual or his property) Plaintiff contends, no.

**WHEREFORE**, Plaintiff demands judgement for the violation of constitutionally protected rights against all Defendants both jointly and severally, for actual, general, special, compensatory damages in the amount of $ 250,000.00 and further demands judgement against all defendants both jointly and severally, for punitive damages in an amount to be determined by the jury, plus the cost of this action,

16

including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

94.     The allegations of the foregoing paragraphs are re-alleged as if set out in full.

95.     Pursuant to **Title 18 U.S.C. § 242**, Plaintiff suffered actual damages at the hands of municipal employees under the color of law and in the wanton disregard to the inviolable sacred rights of property and personal autonomy of the Plaintiff as secured by the Constitution of the United States and Federal Law.

96.     In the absence of due process and with the threat of deadly weapons, the Defendants placed Plaintiff under duress and used coercion working under the color of state law, municipal codes, and statutes to willfully subject Plaintiff to the deprivation of rights, privileges, and/or immunities secured by the Constitution or laws of the United States.

**WHEREFORE**, Plaintiff demands judgement for the violation of constitutionally protected rights against all Defendants both jointly and severally, for actual, general, special, compensatory damages in the amount of $250,000.00 and further demands judgement against all defendants both jointly and severally, for punitive damages in an amount to be determined by the jury, plus the cost of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

# TRESPASS

97.     The allegations of the foregoing paragraphs are re-alleged as if set out in full.

98.     Defendants unlawfully trespassed on Plaintiff's inviolable and exclusive right to enjoy, use, and dispose of property, without warrant or due process of law, and without expressed or implied consent of Plaintiff.

99.     Defendants by show of force and a deadly weapon worked together to deprive Plaintiff of sacred inviolable rights of property absent of due process of law.

100.    Brandishing a deadly weapon, Defendant THOMAS instigated, requested, directed, and/or carried out the arrest and detention of Plaintiff, thereby imposing restraints upon Plaintiff's liberty, in the absence of a warrant and/or signed and verified complaint, and the due process of law.

101.    Defendant THOMAS, SHERIFF AUSTIN GARRETT, and agents of Silverdale Detention Center ordered the seizure of Plaintiff's tangible property (cash and 3.5 grams of THC-A) and worked in concert with one another the order to trespass upon Plaintiff's property and deprive him of said property.

102.    The aforesaid acts of Defendants were beyond the scope of their employment, exceeded their authority, or discretion, and/or were committed wantonly in a culpable or grossly negligent manner causing Plaintiff actual damages.

18

WHEREFORE, Plaintiff demands judgement for the violation of constitutionally protected rights against all Defendants both jointly and severally, for actual, general, special, compensatory damages in the amount of $250,000.00 and further demands judgement against all defendants both jointly and severally, for punitive damages in an amount to be determined by the jury, plus the cost of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

# INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

103.   The allegations of the foregoing paragraphs are re-alleged as if set out in full.

104.   Defendants knew or should have known that arresting Plaintiff's liberty in an unfamiliar town while depriving him of his papers and property containing necessary information to call anyone, he knew for assistance, is extreme and outrageous conduct.

105.   The incarceration, policies, customs, and procedures of the CITY OF CHATTANOOGA under the direction of Defendants THOMAS, SHERIFF AUSTIN GARRETT, and the agents of Silverdale Detention Center demonstrates the willful intent to cause severe emotional distress.

106.   While this Plaintiff was thoroughly searched and even threatened with a strip search by Defendants at Silverton, other inmates had large amounts of dangerous narcotics that were ingested in the cell in plain sight of the Plaintiff which resulted in threatening and dangerous behavior against Plaintiff.

19

107. The actions taken by Defendants on September 15 – 16, 2023, were done with malicious intent to cause severe mental and emotional distress to Plaintiff and were wildly successful.

108. As a direct result of these actions taken, Plaintiff has suffered sleep deprivation, unsanitary jail conditions, exposure to dangerous criminals, and exposure to dangerous criminals on mind altering drugs, as well as, severe mental and emotional distress by the admitted psychological games played by his jailors.

109. Defendants are liable to Plaintiff for their willful, intentional, arbitrary, capricious, and malicious conduct used to deprive Plaintiff of his constitutionally protected rights through customs, usages, and practices of the municipality while working in furtherance of the Defendant CITY OF CHATTANOOGA, its Police Department at the time of their conduct.

**WHEREFORE**, Plaintiff demands judgement for the violation of constitutionally protected rights against all Defendants both jointly and severally, for actual, general, special, compensatory damages in the amount of $250,000.00 and further demands judgement against all defendants both jointly and severally, for punitive damages in an amount to be determined by the jury, plus the cost of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

# MALICIOUS PROSECUTION

110. Malicious prosecution contains four elements: "(1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor."

111. Defendants THOMAS, CITY OF CHATTANOOGA, and SHERIFF AUSTIN GARRETT initiated a criminal prosecution against the Plaintiff with charges of 'public intoxication' and 'possession' of a controlled narcotic.

112. This criminal prosecution was initiated against the Plaintiff with no signed verified complaint, no articulable reason for suspicious activity, and no injury to person or property which is why the magistrate dismissed all charges and provided Plaintiff with a method of expungement which has since been carried out.

113. As a result, the Plaintiff suffered the loss of inviolable rights including but not limited loss of property and loss of liberty secured by both the Tennessee State and the United States Constitution.

114. The result of this malicious prosecution was a dismissal of all charges and an expungement of the record. **(Exhibits B & C)**

**WHEREFORE**, Plaintiff demands judgement for the violation of constitutionally protected rights against all Defendants both jointly and severally, for actual, general, special, compensatory damages in the amount of $250,000.00 and further

demands judgement against all defendants both jointly and severally, for punitive damages in an amount to be determined by the jury, plus the cost of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## REQUEST FOR RELIEF

115.  Assume Jurisdiction over this action.

116.  Award Plaintiff costs for litigation, including reasonable attorney's fees and expenses, pursuant to **Title 42 § 1988(b).**

117.  Plaintiff demands actual damages in the amount of $133.33 per minute from Defendants THOMAS, SHERIFF AUSTIN GARRETT, and THE CITY OF CHATTANOOGA each, for time seized from Plaintiff during violation of Plaintiff's rights. Jury shall determine actual time.

118.  Plaintiff demands actual damages in the amount of $100.00 per day plus interest from Defendant SHERIFF AUSTIN GARRETT, for deprivation of use, enjoyment and disposal of Plaintiff's property. Jury shall determine actual time.

119.  Plaintiff demands punitive damages in the amount of 9999.99 from Defendants THOMAS and SHERIFF AUSTIN GARRETT each, for the mental, physical, and emotional distress Defendants' acts have caused Plaintiff, and for the Defendants' wanton and outrageous disregard for Plaintiff's secured and guaranteed rights, in accordance with the CITY OF CHATTANOOGA's customs

and practices committed under the direct supervision and direction of CITY OF CHATTANOOGA and SHERIFF AUSTIN GARRETT

120.    Plaintiff demands punitive damages from the CITY OF CHATTANOOGA in the amount of $ 250,000.00 for the mental, physical, and emotional distress Defendants' acts have caused Plaintiff, and for Defendants' wanton and outrageous disregard for Plaintiff's secured and guaranteed rights, committed under the direction and supervision of Defendant CITY OF CHATTANOOGA.

121.    WHEREFORE, Plaintiff demands judgement for actual and punitive damages against CITY OF CHATTANOOGA, DEFENDANT THOMAS, and SHERIFF AUSTIN GARRETT and their respective corporate subdivisions, together with such other relief as the Court may deem reasonable and just under the circumstances.

Dated this 5th day of January, 2024

Respectfully submitted,

_____
Howard Brown, Plaintiff *Pro se*

1003 W. Michigan Drive
Hammond, LA 70401
hgarybrown@gmail.com
Phone: (504) 756-1987
Fax: (985) 238-3818

# Exhibit A

Deposit Receipt
SummaryDeposit ID 4765323
Transaction ID 31310583
Receipt Number 136677
Deposit Date 09/15/2023
Deposit Time 11:07 pm EDT
Jail Hamilton County Jail and
Detention Center
Inmate howard brown
Commissary Deposit $75.00

Deposit Fee $0.00
Total Payment $75.00

Deposit Receipt
SummaryDeposit ID 4765323
Transaction ID 31310583
Receipt Number 136677
Deposit Date 09/15/2023
Deposit Time 11:07 pm EDT
Jail Hamilton County Jail and
Detention Center
Inmate howard brown
Commissary Deposit $75.00

Deposit Fee $0.00
Total Payment $75.00

Deposit Receipt
SummaryDeposit ID 4765323
Transaction ID 31310583
Receipt Number 136677
Deposit Date 09/15/2023
Deposit Time 11:07 pm EDT
Jail Hamilton County Jail and
Detention Center
Inmate howard brown
Commissary Deposit $75.00

Deposit Fee $0.00
Total Payment $75.00

# Exhibit B

## ORDER FOR THE EXPUNGEMENT OF CRIMINAL OFFENDER RECORD     (PLEASE PRINT OR TYPE)

State of Tennessee vs   HOWARD GARY BROWN JR       Circuit Docket Number

Date Original Case was filed in Clerk's Office   9/15/2023      General Sessions Docket Number 1923988

In the General Sessions Court of Hamilton County, Tennessee at Chattanooga, Tennessee

On the Motion or Petition of HOWARD GARY BROWN JR

**Defendant/Arrest Information:**

| | | | |
|---|---|---|---|
| <u>HOWARD GARY BROWN JR</u> | <u>White</u> | <u>Male</u> | <u>9/16/1977</u> |
| Defendant (name used at time of arrest) | Race | Sex | Date of Birth |
| <u>Chattanooga PD</u>     <u>101195</u> | <u>9/15/2023</u> | | <u>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</u> |
| Arresting Agency     OCA# | Date of Arrest | | SSN# |
| <u>POSSESSION OF CONTROLLED SUBSTANCE</u> | | | |
| Charge 1 (As shown on arrest fingerprint card) | | | |

**Disposition Information:**

<u>POSSESSION OF CONTROLLED SUBSTANCE</u>
Final Charge 1
<u>Dismissed - Per D.A.</u>
Final Disposition

_____
Diversion Date (if applicable)

     The defendant named above is entitled to have all PUBLIC RECORDS relating to the offense listed above expunged according to the Tennessee Code Annotated provision marked below:

| Provision relating to Adults: | Provisions relating to Juveniles: |
|---|---|
| ✓ Charge has been dismissed (T.C.A. § 40-32-101) | ___Petition alleging delinquency not filed (T.C.A. § 37-1-155) |
| ___No true bill returned by Grand Jury (T.C.A. § 40-32-101) | ___Proceedings dismissed after petition is filed or the case transferred to |
| ___Verdict of not guilty returned by jury (T.C.A. § 40-32-101) |    Juvenile Court as provided in T.C.A. § 37-1-109 (T.C.A. § 37-1-155) |
| ___Conviction which has by appeal been reversed (T.C.A. § 40-32-101) | ___Adjudicated not to be a delinquent child(T.C.A. § 37-1-155) |
| ___Nolle Prosequi entered in case (T.C.A. § 40-32-101) | ___Child has reached eighteen (18) years of age and there is no record |
| ___Successful completion of all probation provisions nad proceedings |    that he committed a criminal offense after reaching sixteen (16) years |
|    against defendant have been discharged by the court |    of age, unless such fingerprints were obtained on alleged charge which if |
|    (T.C.A. § 40-35-313) |    committed by an adult would be a felony (T.C.A. § 37-1-155) |
| ___Suspension of prosecution pursuant to T.C.A. § 40-15-105) | ___Passage of six (6) months from date of liquor law violations defined by |
| |    T.C.A. § 57-3-412(a)(3)(c) or T.C.A. § 57-5-301(e)(3) |

     It is ordered that all PUBLIC RECORDS relating to such offense above referenced be expunged and immediately destroyed upon payment of all costs to clerk and that no evidence of such records pertaining to such offense be retained by any municipal, county, or state agency, except non-public confidential information retained in accordance with T.C.A. § 10-7-504 and T.C.A. § 38-6-118.

### APPROVED FOR ENTRY

_____
Defendant/Attorney for Defendant

Entered this _12_ day of _OCT 2023_

_____
District Attorney General

_[signature]_
Judge

Form EX-1 (Rev.2003)

# Exhibit C

## ORDER FOR THE EXPUNGEMENT OF CRIMINAL OFFENDER RECORD     (PLEASE PRINT OR TYPE)

State of Tennessee vs   HOWARD GARY BROWN JR       Circuit Docket Number

Date Original Case was filed in Clerk's Office   9/15/2023       General Sessions Docket Number 1923987

In the General Sessions Court of Hamilton County, Tennessee at Chattanooga, Tennessee

On the Motion or Petition of HOWARD GARY BROWN JR

**Defendant/Arrest Information:**

| HOWARD GARY BROWN JR | | White | Male | 9/16/1977 |
|---|---|---|---|---|
| Defendant (name used at time of arrest) | | Race | Sex | Date of Birth |
| Chattanooga PD | 101195 | 9/15/2023 | 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 | |
| Arresting Agency | OCA# | Date of Arrest | SSN# | |
| PUBLIC INTOXICATION | | | | |
| Charge 1 (As shown on arrest fingerprint card) | | | | |

**Disposition Information:**

PUBLIC INTOXICATION
Final Charge 1
Dismissed - Per D.A.
Final Disposition

_____
Diversion Date (if applicable)

The defendant named above is entitled to have all PUBLIC RECORDS relating to the offense listed above expunged according to the Tennessee Code Annotated provision marked below:

| Provision relating to Adults: | Provisions relating to Juveniles: |
|---|---|
| _✓_ Charge has been dismissed (T.C.A. § 40-32-101) | ___ Petition alleging delinquency not filed (T.C.A. § 37-1-155) |
| ___ No true bill returned by Grand Jury (T.C.A. § 40-32-101) | ___ Proceedings dismissed after petition is filed or the case transferred to |
| ___ Verdict of not guilty returned by jury (T.C.A. § 40-32-101) |      Juvenile Court as provided in T.C.A. § 37-1-109 (T.C.A. § 37-1-155) |
| ___ Conviction which has by appeal been reversed (T.C.A. § 40-32-101) | ___ Adjudicated not to be a delinquent child(T.C.A. § 37-1-155) |
| ___ Nolle Prosequi entered in case (T.C.A. § 40-32-101) | ___ Child has reached eighteen (18) years of age and there is no record |
| ___ Successful completion of all probation provisions nad proceedings |      that he committed a criminal offense after reaching sixteen (16) years |
|      against defendant have been discharged by the court |      of age, unless such fingerprints were obtained on alleged charge which if |
|      (T.C.A. § 40-35-313) |      committed by an adult would be a felony (T.C.A. § 37-1-155) |
| ___ Suspension of prosecution pursuant to T.C.A. § 40-15-105) | ___ Passage of six (6) months from date of liquor law violations defined by |
| |      T.C.A. § 57-3-412(a)(3)(c) or T.C.A. § 57-5-301(e)(3) |

It is ordered that all PUBLIC RECORDS relating to such offense above referenced be expunged and immediately destroyed upon payment of all costs to clerk and that no evidence of such records pertaining to such offense be retained by any municipal, county, or state agency, except non-public confidential information retained in accordance with T.C.A. § 10-7-504 and T.C.A. § 38-6-118.

### APPROVED FOR ENTRY

_____
Defendant/Attorney for Defendant

_____
District Attorney General

Entered this _12_ day of _Oct. 2023_

_____
Judge

Form EX-1 (Rev.2003)