UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

HOWARD BROWN, )
)
)
Plaintiff, )
)
v. ) No. 1:24-cv-042-TRM-SKL
)
)
CITY OF CHATTANOOGA, *et al.*, )
)
)
Defendants. )

## ORDER

This matter is before the Court on a motion filed by pro se Plaintiff Howard Brown ("Plaintiff"), in which he seeks the privilege of electronic filing using the Court's Case Management/ Electronic Case Filing ("CM/ECF") system [Doc. 2]. Plaintiff states he has registered for the Public Access to Court Electronic Records ("PACER") system and that he also "currently has a CM/ECF account." Plaintiff requests that he be allowed to file documents electronically via access to the CM/ECF system as he "lives out of state [sic] and would be more appropriate for this litigation." Plaintiff states the motion is unopposed by "Appellee's [sic] counsel."[1]

Plaintiff has not shown good cause for the relief requested in his motion. Though Plaintiff may have registered for a PACER account, the Court has verified that he does not have a CM/ECF account with this Court.[2] However, as Plaintiff has registered for PACER he will be able to view

---

[1] No appearance by any counsel has been entered on behalf of any of the Defendants in this matter. On February 2, 2024, summonses were issued as to Defendants and mailed to Plaintiff [Doc. 6].

[2] As stated in Section 4 of the Court's ECF User Guide, ECF accounts and PACER accounts are different. An ECF account allows an authorized person to file documents electronically, receive

the docket and all filings in this matter without delay on the PACER system. While Plaintiff will not have access to electronic *filing*, the applicable rules provide an additional three days for certain types of service, including service by mail. *See* Fed. R. Civ. P. 6(d) (providing three additional days for service by mail).[3]

Accordingly, Plaintiff's request that he be allowed to file documents electronically [Doc. 2] is **DENIED** at this stage of the proceedings. Plaintiff may ask the Court to reconsider his request for the privilege of electronic filing using the CM/ECF system if this matter proceeds past the discovery phase of this case.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

e-mail notification of docket activity, and view docket sheets and court documents through the one-time link in the Notification of Electronic Filing or "NEF." In contrast, anyone can sign up for a PACER account, but a user cannot file documents using a PACER account. A PACER account does allow a user to view docket sheets and documents that have been filed electronically.

[3] If needed, Plaintiff may also file a properly supported motion to seek the Court's permission for an extension of time to make a timely filing. Plaintiff is also reminded that pursuant to Fed. R. Civ. P. 5(a), (b), and (d), each party must properly serve every other party with any filings a party makes into the record as evidenced by a certificate of service. Moreover, Local Rule 83.13 provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address. In addition, a party appearing for himself/herself shall sign his/her pleadings and include his/her address and telephone number. The failure of a *pro se* plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. Parties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules." The Court's Local Rules may be reviewed at: https://www.tned.uscourts.gov/local-rules-and-standing-orders