UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| **HOWARD BROWN** | * |
| Plaintiff, | * |
| v. | * Docket No. 1:24-cv-00042 |
| **CITY OF CHATTANOOGA,** a political Subdivision of the State of Tennessee, | * |
| **KARLI THOMAS,** in both her individual capacity and her official capacity as an officer of the Chattanooga Police Department, | * McDonough/Lee |
| | * Jury Demand |
| **SHERIFF AUSTIN GARRETT,** in his individual and official capacity as **HAMILTON COUNTY SHERIFF** | * |
| Defendants. | * |

**DEFENDANT OFFICER KARLI THOMAS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY [DOC. 54]**

COMES NOW, Defendant Officer Karli Thomas (hereinafter referred to as "Officer Thomas"), by and through undersigned counsel, and pursuant to Rule 16 of the *Federal Rules of Civil Procedure*, and hereby files her **Response in Opposition to Plaintiff's Motion to Stay Discovery [Doc. 54]**. Officer Thomas asserts the Plaintiff's Motion to Stay Discovery should be denied for multiple reasons which will be addressed in full below.

At the outset, to the extent Mr. Brown is accusing counsel for Officer Thomas of responding untimely to discovery requests and the Motion for Summary Judgment, that is simply inaccurate. Officer Thomas timely responded to the Plaintiff's discovery requests on September 23, 2024, which was within the thirty (30) days permitted to respond to formal discovery requests. However,

1

when the Plaintiff requested expedited responses for the sake of being able to identify officers for purposes of depositions, counsel informally provided Mr. Brown with names of those officers to the best of her knowledge. Counsel for Officer Thomas was not required to do so but did so in an attempt to assist Mr. Brown with his list of witnesses for his depositions. Despite Plaintiff's accusations of "bad behavior" by Officer Thomas' counsel, counsel assures this Court that she continues to attempt to move this case forward as expeditiously as possible. *See*, Doc. 58, P.2.

Second, the Plaintiff is asserting that he will need to amend his Complaint by adding defendants to the Complaint. Unfortunately for the Plaintiff, he has not adequately requested leave from the Court to Amend his Complaint and that deadline has passed.

Third, the Plaintiff continues to assert that the Defendants withheld discovery due to nefarious reasons at the outset of this case. Counsel will remind the Court that, due to concerns for compliance with Tennessee law, the defendants sought to enter into a protective order. Getting a protective order took time due, in part, to the Plaintiff's unwillingness to communicate with the Defendants in a productive manner.

As soon as Plaintiff finally agreed and the Order (Doc. 45) was entered by this Court, on July 9, 2024, Plaintiff immediately received all discovery documents that could then properly be released.

This Court entered its Scheduling Order [Doc.16] on March 5, 2024, which orders that "All discovery, including the taking of depositions "for evidence," depositions of experts, and requests for admissions, shall be completed by October 7, 2024.

The Plaintiff has had ample opportunity to propound discovery requests as needed and prepare for who he wishes to depose. Plaintiff claims that defense counsel is "pushing" to set depositions. As this Court is aware, setting multiple depositions of witnesses, parties, and experts

takes an immense amount of time and effort and requires advance preparation. The Defendants have sought to schedule depositions in this matter multiple times, namely the Plaintiff's deposition, but have not been able. Now, the Plaintiff seeks to stay discovery, further preventing the Defendants from being able to take his deposition.

Additionally, Plaintiff asserts that he is unable to continue depositions until he receives full discovery responses and disclosures that he deems necessary for taking depositions. While at the very same time, Plaintiff requests that discovery be *stayed*, pending a ruling on his prematurely filed motion for summary judgment. It seems that Plaintiff is asking for discovery to be stayed as to him alone, but that the Defendants' discovery obligations will continue. If the parties are concerned about the ability to meet the discovery deadline, the proper method might be to seek a continuance of all deadlines from the Court given the delay in discovery because of the protective order.

## CONCLUSION

Officer Thomas also incorporates the arguments made by Sheriff Austin Garrett as if fully set forth herein, as well as the arguments made by the City of Chattanooga in their responses as if fully set forth herein. For all the above articulated reasons, the Plaintiff's Motion to Stay Discovery should be DENIED.

This 25th of September 2024.

Respectfully submitted,

**DAVIS & HOSS, PC**

By: /s/ Janie Parks Varnell
      Janie Parks Varnell, BPR # 031256
      Edith Logan Davis, BPR # 038138
      850 Fort Wood Street
      Chattanooga, Tennessee 37403
      423-266-0605
      423-266-0687 - FAX
*Attorneys for Officer Karli Thomas, individually*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Phillip A. Noblett, Esq.
Kathryn McDonald, Esq.
City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250

Dee Hobbs, Esq.
Hamilton County Attorney's Office
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
(423) 209-6150

Howard Brown, *Plaintiff*
1003 W. Michigan Drive
Hammond, LA 70401
hgarybrown@gmail.com

This 25th day of September 2024.

      /s/ Janie Parks Varnell
      JANIE PARKS VARNELL