UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| HOWARD BROWN, | ) | |
| | ) | Case No. 1:24-cv-42 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| CITY OF CHATTANOOGA, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

Before the Court is *pro se* Plaintiff Howard Brown's motion for summary judgment. (Doc. 48.) For the following reasons, Plaintiff's motion (*id.*) will be **DENIED**.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action on January 18, 2024. (Doc. 1.) Plaintiff's claims arise out of his arrest for public intoxication on September 15, 2023. (*Id.* at 3.) According to Plaintiff, he attempted to enter the Pickle Barrel on the night of September 15, and an employee denied Plaintiff entry because he was inebriated. (*Id.*) After a "brief back and forth," the employee called the police. (*Id.*) Plaintiff was subsequently arrested for public intoxication. (*Id.*) After Plaintiff's arrest, he was transported to the Hamilton County Jail. (Doc. 55, at 2.) Plaintiff takes issue with the actions of the officer who arrested him, Defendant Karli Thomas. (Doc. 1, at 6–7, 13, 15.) Plaintiff also brings claims against Defendants City of Chattanooga ("the City"), City of Chattanooga Police Department, and Hamilton County Sheriff Austin Garrett. (*Id.* at 13–21.) Plaintiff's asserts 42 U.S.C. § 1983 claims of unlawful seizure under the Fourth Amendment and malicious prosecution. (*Id.* at 12–16, 20–21.) Plaintiff brings state-law claims of trespass and

1

intentional infliction of emotional distress. (*Id.* at 18–20.) Additionally, Plaintiff brings a claim under 18 U.S.C. § 242. (*Id.* at 17.)

Plaintiff filed the present motion on August 26, 2024, while discovery was ongoing. (Doc. 48; *see* Doc. 16.) Plaintiff argues that he is entitled to a judgment as a matter of law on all claims. (*See* Doc. 48.) Defendants have responded to Plaintiff's motion (Docs. 55–57), and Plaintiff's motion is ripe for review.

## II. STANDARD OF LAW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

### III. ANALYSIS

Plaintiff fails to show that he is entitled to summary judgment at this stage of litigation. First, Plaintiff fails to support most of his factual assertions with citations to the record. (*See* Doc. 48.) Rule 56(c) of the Federal Rules of Civil Procedure states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Plaintiff's reliance on videos and other materials not found in the record do not meet this requirement.[1] (*See, e.g.*, Doc. 48 at 7 (citing a video that is "available upon request").) As such, Plaintiff does not show that no genuine dispute of material fact remains on the record for any of his claims.

---

[1] For future submissions, Plaintiff should cite to materials in the record (materials submitted to the Court) to support his factual assertions within.

The City also argues that Plaintiff's motion is premature under Rule 56(d). (Doc. 57, at 4.) Rule 56(d) states that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Discovery in this case is ongoing. (*See* Doc. 64, at 2.) The City states that Plaintiff has outstanding discovery answers due to the City and Defendant Thomas. (Doc. 57, at 4.) As of September 16, 2024, no deposition had been taken in this case. (*See* Doc. 56, at 1–2.) Plaintiff has also expressed a need for additional discovery. (Doc. 54, at 3.) While the City has not filed an affidavit or declaration as is required by Rule 56(d), the Court will not grant Plaintiff summary judgment while more discovery is needed. *See, e.g.*, *Celotex*, 477 U.S. at 322 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* . . .") (emphasis added); *United States v. Bliss*, 667 F. Supp. 1298, 1311 (E.D. Mo. 1987) ("Summary judgment may not be granted if the non-moving party has had inadequate time to conduct discovery"); *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049 (8th Cir. 2012) ("As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery") (internal quotations and citation omitted). Currently, the record is insufficient to show that no genuine dispute of material fact remains for any of Plaintiff's claims.

## IV. CONCLUSION

Due to Plaintiff's failure to adhere to the requirements of Rule 56(c) and incomplete discovery in this case, the Court finds that Plaintiff fails to prove that no genuine dispute of

4

material fact remains for any of his claims. Accordingly, Plaintiff's motion for summary judgment (Doc. 48) is **DENIED**. However, considering these reasons for denial, the Court **GRANTS** Plaintiff leave to file a second summary judgment motion before the dispositive motion deadline expires.[2]

    **SO ORDERED.**

                                               /s/ *Travis R. McDonough*
                                               **TRAVIS R. MCDONOUGH**
                                               **UNITED STATES DISTRICT JUDGE**

---

[2] If Plaintiff elects to file a second motion for summary judgment, he should review 5(H) of the Court's preferences regarding exhibits for summary judgment. This can be found at https://www.tned.uscourts.gov/content/travis-r-mcdonough-chief-united-states-district-judge.