UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| HOWARD BROWN, | ) | |
| | ) | Case No. 1:24-cv-42 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| CITY OF CHATTANOOGA, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER

Before the Court is Plaintiff Howard Brown's motion to stay this case while he seeks a Writ of Mandamus from the Sixth Circuit (Doc. 72). The Court construes this motion as also requesting that the Court certify an interlocutory appeal.

Pursuant to 28 U.S.C. § 1292(b), the Court may certify an order for interlocutory appeal if the disputed order (1) "involves a controlling question of law[;]" (2) "there is substantial ground for difference of opinion[;]" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See also In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d at 350 (citation omitted). Further, "doubts regarding appealability should be resolved in favor of finding that the interlocutory order is not appealable." *United States v. Stone*, 53 F.3d 141, 143–44 (6th Cir. 1995) (citation and internal quotation marks omitted). Lastly, "district court judges have broad discretion to deny certification even where the statutory criteria are met." *Wang v. Gen. Motors*, LLC, No. 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019) (citation omitted); *see also Whirley*

1

*v. Kawasaki Motors Corp.*, USA, No. 1:04-cv-1145, 2007 WL 9706783, at *3 (W.D. Tenn. May 14, 2007) ("[D]istrict court judges retain unfettered discretion to deny certification for an order for interlocutory appeal even where the [] legislative criteria of section 1292(b) appear to be met.") (citation omitted).

Plaintiff fails to show that any of the three factors required for the certification of an interlocutory appeal are present in this case. (*See* Doc. 72.) Regardless, the Court finds that an interlocutory appeal is not warranted at this time. Accordingly, Plaintiff's motion to stay (Doc. 72) is **DENIED**. To the extent Plaintiff requests that the Court certify an interlocutory appeal, it is **DENIED**.

Plaintiff's motion for a stay is particularly inappropriate at this time, as he previously filed a motion requesting that the Court dismiss this action. (*See* Doc. 70.) Plaintiff should remember that Rule 11 of the Federal Rules of Civil Procedure applies to him even as a *pro se* party, and the Court will not tolerate tactics designed to improperly prolong this litigation. *See* E.D. Tenn. L.R. 83.13. Plaintiff is hereby **ORDERED** to respond to this order on or before **November 15, 2024**, informing the Court of whether he still intends to dismiss this action. Plaintiff is hereby on **NOTICE** that the Court may dismiss his action pursuant to his prior motion (Doc. 70) and Rule 41(a)(2) of the Federal Rules of Civil Procedure if he fails to respond by this deadline.

       **SO ORDERED.**

                                               **/s/ *Travis R. McDonough***
                                               **TRAVIS R. MCDONOUGH**
                                               **UNITED STATES DISTRICT JUDGE**