UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| HOWARD BROWN, | ) | |
|---|---|---|
| *Plaintiff*, | ) ) ) | Case No. 1:24-cv-42 |
| v. | ) ) | Judge Travis R. McDonough |
| CITY OF CHATTANOOGA, et al., | ) ) | Magistrate Judge Susan K. Lee |
| *Defendants*. | ) ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff Howard Brown's motion to withdraw his complaint. (Doc. 70.) For the following reasons, Plaintiff's motion (*id.*) will be **GRANTED**.

**I.    BACKGROUND**

Plaintiff filed this action on January 18, 2024, bringing claims under 42 U.S.C. § 1983 and under state common law. (*See* Doc. 1.) On October 2, 2024, Plaintiff filed a motion to amend his complaint. (*See* Doc. 65.) Before the Court could rule on the motion, Plaintiff filed a motion to withdraw his complaint on October 18, 2024,[1] (*see* Doc. 70), and the Court ordered Defendants to respond to Plaintiff's motion to determine whether Defendants opposed a dismissal without prejudice. (*See* Doc. 71.) Before Defendants could respond, Plaintiff filed a motion to stay the case. (*See* Doc. 72.) The Court construed this motion as also requesting the certification of an interlocutory appeal and denied the motion. (*See* Doc. 74.) In the order denying Plaintiff's motion to stay, the Court ordered Plaintiff to respond within two weeks to

---

[1] The Court construes Plaintiff's motion (Doc. 70) as requesting a dismissal of the case under Rule 41(a)(2), as Plaintiff references Rule 41 in his motion.

1

inform the Court whether he intended to pursue the action or to dismiss it pursuant to his motion to withdraw his complaint. (*Id.* at 2.) The Court placed Plaintiff on notice that the Court could dismiss his action if he failed to respond by that deadline. (*Id.*) Plaintiff has failed to respond to the Court's order within the time allotted, and, as a result, his motion to withdraw his complaint is ripe for review.

Defendants oppose a dismissal without prejudice, arguing that Plaintiff wasted the resources of the Court and of defense counsel, as: (1) Plaintiff informed Defendants that he would be withdrawing his complaint on October 10, 2024, stating that, "I will be withdrawing my complaint; I think I've made my point" (*see* Doc. 73-1); (2) Defendants sent Plaintiff a joint stipulation of dismissal for his review by email (*see* Doc. 73, at 2; Doc. 73-3); (3) Plaintiff did not respond to this email and instead filed his motion to stay the case (*see* Doc. 73, at 2); and (4) after Defendants inquired as to Plaintiff's position on the proposed joint stipulation for a third time, Plaintiff replied "nah… I'll let ya'll respond to the court's order."[2] (*See id.*; Doc. 73-5.) Defendant Thomas also moves for attorney fees under 42 U.S.C. § 1988 (Doc. 73, at 3), while Defendant Garrett anticipates moving for attorney fees at the close of the case (Doc. 76, at 2). All Defendants request that Plaintiff be ordered to pay court costs. (Docs. 73, 75, 76.)

## II. STANDARD OF LAW

### A. Rule 41

Rule 41(a)(2) of the Federal Rules of Civil Procedure states:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a

---

[2] Plaintiff is referring to the Court's order requiring Defendants' response to his motion to withdraw his complaint, which stated that, "Defendants **SHALL** respond to Plaintiff's motion (Doc. 70) on or before November 1, 2024, stating whether they oppose the dismissal of Plaintiff's action without prejudice. Alternatively, the parties may file a stipulation of dismissal in accordance with Rule 41(a)(1)(A)(ii) within the timeframe provided." (*See* Doc. 71.)

2

> defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"[T]he purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). "The Court must consider whether the non-movant 'would suffer plain legal prejudice' as the result of a dismissal without prejudice." *Sohi v. Diversified Adjustment Serv., Inc.*, No. 1:15-CV-563, 2016 WL 2745298, at *2 (S.D. Ohio May 10, 2016) (quoting *Jones v. W. Rsrv. Transit Auth.*, 455 F. App'x 640, 643 (6th Cir. 2012)). The Court must also consider: (1) the non-movant's "effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on the part of the [movant] in prosecuting the action," (3) "insufficient explanation for the need to take a dismissal," and (4) "whether a motion for summary judgment has been filed by the [non-movant]." *Bridgeport*, 583 F.3d at 953 (quoting *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir.1994)). "The mere possibility that the nonmovant would face a second lawsuit is an insufficient basis for finding" dismissal under Rule 41(a)(2) unwarranted. *Sohi*, 2016 WL 2745298 at *2 (citing *Jones*, 455 F. App'x at 643). "A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the [non-movant] may suffer from a dismissal without prejudice." *Id.* at 954 (citations omitted). The Court may require the movant to pay a non-movant's costs, but this is not required under Rule 41(a)(2). *See id.*

### B. 42 U.S.C. § 1988

Pursuant to 42 U.S.C. § 1988(b), "in any action to enforce a provision of" § 1983, "the court, in its discretion, may allow the prevailing party" a "reasonable attorney's fee as part of the

3

costs." Recovery under this statute is the default for a prevailing § 1983 plaintiff; the United States Supreme Court has directed that a "prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks and citations omitted). However, a prevailing party can be either a defendant or a plaintiff. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978) (holding that § 1988 authorizes a fee award to a prevailing defendant, who should also be protected "from burdensome litigation having no legal or factual basis"). Under § 1988, "[a] prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994)). Additionally, § 1988 does not allow for the recovery of attorney fees related to state-law claims. *Ash v. Bezotte*, No. 10-11875, 2013 WL 4777176, at *3 (E.D. Mich. Sept. 5, 2013).

In adjudicating a defendant's request for attorney fees pursuant to § 1988, the Court should determine whether: (1) the defendant is a "prevailing party"; (2) the plaintiff's action was frivolous, unreasonable, or without foundation; (3) the compensation sought is reasonable, as assessed by the lodestar method; and (4) there are any exceptional considerations requiring an upward or downward adjustment. *See Hensley*, 461 U.S. at 433–34; *Wolfe*, 412 F.3d 707 at 720. The lodestar method requires a court to multiply the number of hours reasonably expended by the applicable hourly market rate for legal services to find an objective basis for a lawyer's services. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). There is a strong presumption that the lodestar figure is reasonable, but a court should scrutinize the amount to ensure it does not

4

produce windfalls to attorneys. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995).

### III. ANALYSIS

#### A. Dismissal Under Rule 41

The Court finds that a dismissal with prejudice is not warranted under Rule 41. All Defendants argue that Plaintiff wasted judicial resources.[3] (*See* Doc. 73, at 2; Doc. 75; Doc. 76.) Defendant Garrett specifically argues that Plaintiff willfully thwarted the judicial proceedings in this matter, or at the least, recklessly disregarded the effect his conduct would have on the proceedings. (*See* Doc. 76, at 1–2.) However, Defendants' arguments against a dismissal without prejudice only focus on the second factor of the Court's Rule 41(a)(2) inquiry. *See Bridgeport*, 583 F.3d at 953. The Court will use all factors of the test, and in doing so, it concludes that a dismissal without prejudice is appropriate.

##### i. *Effort and Expense*

The first factor of the Rule 41(a)(2) inquiry weighs in favor of dismissal. The parties completed discovery in this matter on October 28, 2024, and this process was not abnormally onerous. While Defendants certainly expended reasonable effort in defending against Plaintiff's claims, they have not posited any reason that would suggest their efforts would not be useful if Plaintiff were to bring a subsequent action. *See Harper v. Muskingum Watershed Conservatory Dist.*, No. 2:14-CV-2539, 2015 WL 2084709, at *2 (S.D. Ohio May 4, 2015) (considering the applicability of "discovery and motions" if the plaintiff were to re-file a suit in state court); *Cogent Solutions Grp., LLC v. Brown*, No. 2:12–CV–665, 2013 WL 6116052, at *6 (S.D. Ohio

---

[3] The City of Chattanooga and Defendant Garrett incorporate Defendant Thomas's response (Doc. 73) into their responses. (*See* Doc. 75; Doc. 76, at 2.)

Nov. 20, 2013) ("A final point cuts against a finding of plain legal prejudice-it appears that much of the effort and expense devoted to this case would be useful in a subsequently filed action."); *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (affirming dismissal because the defendants' efforts would be useful in a subsequent action). In *Cogent Solutions Group, LLC v. Brown*, the court also considered the amount of time the case had been open and the time left until trial when evaluating the defendant's effort and expense. 2013 WL 6116052 at *6. The court found that this factor favored dismissal when the plaintiff "moved to dismiss this case well before trial and almost exactly one year after it began."[4] *See id.* Here, trial was four months away when Plaintiff moved to dismiss his complaint and the action had been open for less than a year (*see* Docs. 1, 64, 70). As such, the Court finds that this factor favors dismissal.

### ii. Delay in Prosecution

Defendants' arguments primarily address the second factor of the Rule 41(a)(2) test, but the Court finds them unconvincing. Defendants largely point to Plaintiff's lack of decorum and diligence following his motion to withdraw his complaint. (*See* Docs. 73, 75, 76.) However, they also cite Plaintiff's refusal to schedule a deposition. (Doc. 73, at 2.) While the Court agrees that Plaintiff's refusal to sit for a deposition and his conduct surrounding his motion to dismiss the action was inappropriate, it fails to show Plaintiff displayed a lack of diligence in prosecuting the action in its entirety. Most of this conduct occurred over a span of roughly three weeks. (*See* Doc. 73, at 1–2.) The Court finds that Plaintiff's apparent good-faith effort in the time preceding his motion to withdraw his complaint outweighs his conduct after. *Cf. Harper*, 2015 WL

---

[4] The *Cogent* court also considered the potential utility of the defendant's efforts in a subsequent action. *Id.*

6

2084709 at *2 (finding that a one-month delay is not "excessive"); *Nuovo v. Whitacre*, No. 2:10-CV-240, 2010 WL 3825376, at *4 (S.D. Ohio Sept. 28, 2010) (considering the plaintiff's "good faith in bringing the suit" when ruling on a motion for voluntary dismissal). Further, Defendants suffered minimal prejudice from Plaintiff's reluctance to sit for a deposition, as he informed them of his intent to dismiss the action before the discovery period closed. (*See* Doc. 73, at 1; Doc. 64, at 2 (stating that discovery deadline was October 28, 2024).) The second factor of the Rule 41(a)(2) test supports dismissal.

### iii. Explanation for Dismissal

The third factor of the Rule 41(a)(2) inquiry favors Defendants. Plaintiff explains that he moved to withdraw his complaint after "Defendants have been allowed to delay the proceedings, avoid santions [sic], and use technical lawfare to exhaust the Plaintiff's resources." (Doc. 70.) Defendants have not engaged in any conduct of the sort. To the extent Plaintiff's motion to withdraw his complaint was motivated by a lack of resources, this could be a valid reason for a dismissal without prejudice. *See Bridgeport*, 583 F.3d at 955 (affirming dismissal when the district court concluded that the "plaintiffs' cost-benefit analysis provided a reasonable explanation for seeking dismissal"). However, Plaintiff has offered insufficient evidence and explanation to support this assertion, as the quote above provides the entirety of Plaintiff's explanation. (*See* Doc. 70.) This factor weighs against a dismissal without prejudice.

### iv. Pending Summary Judgement

The last factor of the Rule 41(a)(2) inquiry supports dismissal. This question is straightforward, as the Court must only consider whether Defendants have filed motions for summary judgment. *See Bridgeport*, 583 F.3d at 953. Defendant Garrett filed a motion for summary judgment on November 25, 2024, nearly a month after Plaintiff moved to dismiss the

7

suit. (*See* Docs. 70, 77.) The Court finds that Defendant Garrett will suffer minimal prejudice in this circumstance, as he had clear notice that the Court could dismiss the suit pursuant to Plaintiff's motion when he elected to move for summary judgment. Even assuming that Defendant Garrett would be prejudiced by a dismissal, this factor of the Rule 41(a)(2) inquiry is not controlling. *See Rosenthal*, 217 F. App'x at 502 ("[T]he existence of a pending motion for summary judgment is a factor that should be considered, but its existence does not mandate a finding of plain legal prejudice."). Because no summary judgment motions were pending at the time Plaintiff moved to withdraw his complaint, this factor favors dismissal.

### *v. The Rule 41(a)(2) Factors Favor Dismissal Without Prejudice*

Three of the four factors in the Rule 41(a)(2) inquiry favor dismissing Plaintiff's case. Although Plaintiff offers little explanation for his motivation to dismiss the case, this alone in insufficient to show Defendants will suffer prejudice significant enough to deny dismissal. *See Cogent*, 2013 WL 6116052 at *9 ("While important, the explanation-for-dismissal factor does not control the analysis of a motion to dismiss under Rule 41(a)(2).").

Additionally, to the extent Defendants argue that Rule 41(b) warrants a dismissal with prejudice, the Court is unconvinced. Defendant Garrett cites part of the standard describing when a dismissal with prejudice is warranted under 41(b), as he concludes that Plaintiff "thwarted" this judicial proceeding. (See Doc. 76, at 1–2); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) ("To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.") (internal quotation marks and citation omitted). Dismissal with prejudice is a "harsh remedy reserved for extreme situations where a plaintiff has engaged in a

8

clear pattern of delay or contumacious conduct." *Luckey v. Butler Cnty.*, No. 1:05CV388, 2006 WL 91592, at *3 (S.D. Ohio Jan. 13, 2006) (quoting *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980) (internal quotation marks omitted). While the Court agrees that a portion of Plaintiff's conduct was inappropriate, it does not find such conduct "extreme" or that Plaintiff engaged in a pattern of such conduct. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir.1997) (affirming a dismissal with prejudice when the plaintiff was "stubbornly disobedient and willfully contemptuous" over the course of a year).

The Court finds that dismissal of this case without prejudice is appropriate. Defendants are not entitled to attorney fees or costs as a condition of dismissal. *See Ball v. Tenn. Valley Auth.*, No. 2:13-CV-904, 2015 WL 556437, at *5 (S.D. Ohio Feb. 10, 2015) ("The award of costs and attorney fees for a Rule 41(a) (2) dismissal is discretionary.") (citing *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992)).

### B. Attorney Fees Under 42 U.S.C. § 1988

Defendant Thomas moves for attorney fees under 42 U.S.C. § 1988, and the Court finds that Defendant Thomas is not entitled to fees. Outside of the arguments set forth above, Defendant Thomas provides no evidence suggesting that Plaintiff's "action was frivolous, unreasonable, or without foundation." (*See* Doc. 73); 42 U.S.C. § 1988. To recover under § 1988, Defendant Thomas must show that Plaintiff's action was without "legal or factual basis." *See Christiansburg Garment*, 434 U.S. at 420. The evidence concerning Plaintiff's conduct has no bearing on the "legal or factual basis" of his suit. Further, this evidence is insufficient to show that Plaintiff filed this action for an improper purpose. As the Court has already explained, Plaintiff appears to have pursued this action in good faith, even if his decorum was lacking at

times. A short stretch of unprofessional conduct does not nullify his other efforts. Accordingly, Defendant Thomas is not entitled to attorney fees under § 1988.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to withdraw his complaint (Doc. 70) is **GRANTED**. This action will be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(a)(2). Defendant Thomas's request for attorney fees under 42 U.S.C. § 1988 (Doc. 73) is **DENIED**. Plaintiff's motion for leave to amend his complaint (Doc. 65) is **DENIED AS MOOT**. Defendant Garrett's motion for summary judgment (Doc. 77) is **DENIED AS MOOT**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**